IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MAC BLACKSTEN;
BLACKSTEN PROPERTIES, LLC; and
JOBSITE MACHINE CONTROL, INC.;

    Plaintiffs,

v.                                                      No. 16-cv-0046 SMV/KK

GEOSHACK SOUTHWEST, LLC, and
GEOSHACK, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court sua sponte, following its review of the Complaint [Doc. 1], filed by Plaintiffs on January 21, 2016. The Court has a duty to determine whether subject matter jurisdiction exists sua sponte. *See Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Complaint, the applicable law, and being otherwise fully advised in the premises, concludes that the Complaint fails to allege the necessary facts of citizenship in order to sustain diversity jurisdiction. Therefore, the Court will order Plaintiffs to file an amended complaint no later than **February 17, 2016**, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

### BACKGROUND

On January 21, 2016, Plaintiffs filed their Complaint, alleging jurisdiction based on diversity of citizenship, pursuant to 28 U.S.C. § 1332. [Doc. 1] at 2. Plaintiffs assert that Plaintiff Mac Blacksten is a "resident" of New Mexico. *Id.* at 1. They further assert that

Plaintiff Blacksten Properties, LLC, is a "New Mexico limited liability company[,] having filed its organizational documents with the New Mexico Secretary of State [and with its] princip[al] place of business . . . in Albuquerque, New Mexico." *Id.* at 1–2.  Plaintiffs go on to allege that Defendant "GeoShack Southwest, LLC . . . is a Texas limited liability company with its princip[al] place of business in Texas." *Id.* at 2.  Finally, Plaintiffs claim that the "amount in controversy exceeds $75,000." *Id.*  However, Plaintiffs make no allegation about the *citizenship* of Plaintiff Mac Blacksten or the citizenship of the members of Plaintiff Blacksten Properties, LLC, or Defendant GeoShack Southwest, LLC.  *See id.* at 1–2.

## LEGAL STANDARD

A plaintiff is required to assert the basis of subject matter jurisdiction in his complaint.  Fed. R. Civ. P. 8.  Additionally, the district court must be satisfied that, indeed, it has subject matter jurisdiction.  *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998).  Subject matter jurisdiction cannot be waived and thus may be raised by the parties or sua sponte at any time.  *Louisville & Nashville R.R. Co. v. Motley*, 211 U.S. 149, 152 (1908).

## DISCUSSION

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.  28 U.S.C. § 1332(a).  Jurisdiction under § 1332 requires diversity of *citizenship*.  The party asserting jurisdiction must plead citizenship distinctly and affirmatively; allegations of residence are not enough.  *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015).  Domicile, the equivalent of state citizenship, requires more

than mere residence; domicile exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

Determining the citizenship of a limited liability company is different from determining the citizenship of a corporation under § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated *and* in which it maintains its principal place of business. *See* § 1332(c). Limited liability companies, however, are treated as partnerships for citizenship purposes and are therefore citizens of each and every state in which any member is a citizen. *Siloam Springs Hotel*, 781 F.3d at 1234.

Here, the facts set forth in the Complaint do not sufficiently establish the citizenship of Plaintiff Mac Blacksten because they address only his residence. *See* [Doc. 1] at 1. Further, the allegations fail to establish the citizenship of Plaintiff Blacksten Properties, LLC, or Defendant GeoShack Southwest, LLC, because they fail to allege the citizenship of each of their members.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiffs shall amend their Complaint to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **February 17, 2016**.

**IT IS FURTHER ORDERED** that if such an amended complaint is not filed by **February 17, 2016**, the Court may dismiss this action without prejudice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**